UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3337 CAS (JTLx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | Dawn Duran v. Cisco Systems, Inc. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| David Durchfort | Khrys Wu |

**Proceedings:**   **Defendant's Motion to Dismiss Plaintiff's Counterclaim** (filed 10/3/08)

## I.   INTRODUCTION AND BACKGROUND

Plaintiff Dawn Duran filed the instant action against defendant Cisco Systems, Inc. on May 20, 2008.[1]  Plaintiff's complaint alleges that she is a participant in and beneficiary of a welfare disability plan administered by defendant.  Compl. ¶¶ 3-4.  Plaintiff alleges that defendant terminated plaintiff's benefits in violation of the terms of the plan, and that plaintiff is therefore entitled to reimbursement.  On August 6, 2008, defendant filed an answer to plaintiff's complaint, and asserted counterclaims for breach of contract (two counts), constructive trust, and unjust enrichment.  On August 27, 2008, plaintiff filed a reply to defendant's answer, and asserted counterclaims for negligence and breach of fiduciary duty.  Plaintiff's counterclaims allege that plaintiff entrusted her personal information, including her social security number, her medical history, and her financial records, to defendant, and that, during its administration of the plan, defendant and defendant's agent negligently allowed a third party to access plaintiff's personal information.  Pl's Counterclaim ¶ 2.  Plaintiff alleges that defendant's negligence led to attempted identity theft and tampering with plaintiff's credit profile.  Pl's Counterclaim ¶ 3.

Defendant filed the instant motion to dismiss plaintiff's counterclaims on October 3, 2008.  Plaintiff filed an opposition on October 13, 2008.  A reply was filed on October 20, 2008.  A hearing was held on October 27, 2008.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

---

[1] Defendant states that it was erroneously sued as Cisco Systems, Inc., and should have been sued as Cisco Systems, Inc. Welfare Benefit Plan.  Mot. at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3337 CAS (JTLx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | Dawn Duran v. Cisco Systems, Inc. | | |

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3337 CAS (JTLx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | Dawn Duran v. Cisco Systems, Inc. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

Defendant argues that plaintiff's counterclaims for negligence and breach of fiduciary duty are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*., and therefore must be dismissed. Plaintiff, however, argues that the counterclaims "involve conduct only tangentially related to administration of an ERISA plan" and therefore are not preempted. Opp'n at 2.

Because "the purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans . . . ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (citing Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)). Specifically, 29 U.S.C. § 1144(a) provides that the provisions of ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."

Defendant argues that the Supreme Court has held that ERISA's express preemption clause has an "expansive sweep." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987). However, more recently, "the Supreme Court has retreated from the 'deliberately expansive' preemption language of Pilot Life," and has instead focused on whether a law has "(1) a 'reference to' or (2) a 'connection with' an ERISA plan." BankAmerica Pension Plan v. McMath, 206 F.3d 821, 829 (9th Cir. 2000), citing California Div. of Labor Standards Enforcement v. Dillingham Constr. N.A., Inc., 519 U.S. 316, 324 (1997). To determine whether there is the requisite relation between the state law claim and an employee benefit plan, the court must look "to both the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive and the nature of the effect of the state law on ERISA plans." McMath, 206 F.3d at 829.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3337 CAS (JTLx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | Dawn Duran v. Cisco Systems, Inc. | | |

Defendant argues that courts have often found common law tort and contract actions to be preempted by ERISA. Mot. at 6. For example, defendant cites Gibson v. Prudential Ins. Co. of Am., 915 F.2d 414, 415 (9th Cir. 1990), in which a participant in an employee disability benefit plan brought claims for fraud and conspiracy to defraud against the plan insurer and various doctors alleging that they had "participated in a sham medical examination in order to deny [the participant] benefits." The Ninth Circuit held that such claims against both the insurer and the doctors were preempted by ERISA:

> Even claims brought under state-law doctrines that do not explicitly refer to employee benefit plans are preempted when the claims arise from the administration of such plans whether directly or indirectly. All [the participant's] claims arise from her efforts to attain disability benefits under the Plan... There would be no relationship or cause of action between the [parties] without the Plan. Thus, in this case, the claim originates from the handling and disposition of [the participant's] claim for disability benefits and is directly connected with the Plan.

Id. at 416-17 (internal citations omitted). See also Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) (finding preemption of respondent's common law contract and tort claims); Pohl v. National Benefits Consultants, Inc., 956 F.2d 126 (7th Cir. 1992) (finding preemption of plaintiffs' claim that insurance plan negligently misrepresented the scope of the plan's coverage).

However, as plaintiff notes, courts have also denied preemption where the common law or state law claims are too tangentially related to the administration of the employee benefits plans. For example, in Dishman v. UNUM Life Ins. Co. of America, 269 F.3d 974, 983-984 (9th Cir. 2001), the Ninth Circuit found that ERISA did not preempt plaintiff's state law claim for tortious invasion of privacy against a benefits plan administrator. In Dishman, defendant plan administrator hired investigative agencies to investigate plaintiff's claim for long-term disability benefits, and plaintiff alleged that the investigators used methods to elicit information about him that invaded his privacy. Id. at 979-80. The Ninth Circuit held that "the fact that the conduct at issue allegedly occurred in the course of [defendant's] administration of the plan does not create a relationship sufficient to warrant preemption," because Congress's purpose in enacting 29 U.S.C. § 1144(a) "was not to provide ERISA administrators with blanket immunity from garden variety torts which only peripherally impact daily plan administration." Id. at 984. The court reasoned that, if this were the case, "a plan administrator could 'investigate' a claim in all manner of tortious ways with impunity." Id. The court also noted that, unlike in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3337 CAS (JTLx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | Dawn Duran v. Cisco Systems, Inc. | | |

other cases where preemption was found, plaintiff's tort claim did not depend on or derive from his claim for benefits, meaning that his claim for damages for invasion of privacy remained regardless of whether his claim for benefits was paid.  Id. at 983.[2]

Because plaintiff's counterclaims for negligence and breach of fiduciary duty in the instant action appear to only be tangentially related to the administration of the employee benefits plan, a finding of preemption is not warranted.  See id.  It is true that the conduct at issue occurred during defendant's administration of the benefits plan. However, this was also the case in Dishman, and the court nevertheless held that preemption was unwarranted, because preemption would immunize defendant from liability for actions that are only peripherally related to the administration of the plan.[3] See id at 984.  The same is true in the instant action.  Finding preemption would immunize defendant from liability for alleged behavior – negligently allowing a third party to access plaintiff's personal information – that is only peripherally related to the administration of the plan. This is not a result envisioned by Congress.  See id. at 984.

---

[2] Other circuits have also found that there is no preemption when plaintiff's common law claims are only tangentially related to the employee benefits plan.  See, e.g., Geller v. County Line Auto Sales, 86 F.3d 18, 23 (2nd Cir. 1996) ("plaintiffs' common law fraud claim, which seeks to advance the rights and expectations created by ERISA, is not preempted simply because it may have a tangential impact on employee benefit plans"); Clark v. Coats & Clark, Inc., 865 F.2d 1237, 1239, 1243-44 (11th Cir. 1989) (plaintiff's claim for intentional infliction of emotional distress resulting from his termination was not preempted by ERISA, because the claimed behavior may have been "proximate (or even concurrent) in time to the alleged ERISA violation [that plaintiff was terminated for the purpose of interfering with the attainment of his pension and retirement benefits], but wholly remote in content") (emphasis in original).

[3] Defendant attempts to distinguish Dishman by arguing that the conduct at issue in that case – the misconduct of the investigative firm hired by defendant – was "wholly unnecessary and unrelated to the proper administration of the ERISA plan, while the conduct in the instant action "occurred in the course of the normal and proper administration of the Plan."  Reply at 3.  However, this argument is unconvincing, because it assumes a conclusion – that defendant's actions that gave rise to the plaintiff's counterclaim were "normal and proper" – that is, in fact, the very question raised by plaintiff's counterclaim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3337 CAS (JTLx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | Dawn Duran v. Cisco Systems, Inc. | | |

Furthermore, in the instant action, as in Dishman, plaintiff's counterclaim for negligence does not depend on her claim for benefits. See id. Gibson, on the other hand, is distinguishable, because plaintiff's fraud and conspiracy to defraud claims in that case were inextricably linked to plaintiff's claim for benefits. See 915 F.2d at 415-417 (plaintiff claimed that defendant "participated in a sham medical examination in order to deny [her] benefits.") (emphasis added).

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss plaintiff's counterclaim. Defendant is directed to answer the counterclaim within fifteen (15) days of this order.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |